P. T. MALONE, doing business under the name of P. T. MALONE HORSE PULLMAN SERVICE, v. JERRY W. CARTER, as Chairman and member of, EUGENE S. MATTHEWS, as member of, and W. B. DOUGLASS, as member of, the FLORIDA RAILROAD COMMISSION.

182 So. 214.
Opinion Filed June 15, 1938.

*Julius F. Parker, Wm. J. Pruitt* and *Van C. Swearingen,* for Appellant;

*Theo T. Turnbull, Wm. P. Simmons, Jr., Leo P. Kitchen* and *Dan R. Schwartz,* for Appellees.

BUFORD, J.—This appeal brings for review order dismissing bill of complaint filed by the appellant against the Railroad Commission to enjoin the Commission from interfering with complainant's operation as a carrier by truck for hire of race horses between a horse race track located in the City of Hialeah, Dade County, Florida, known as Hialeah Race Track, and Tropical Park Race Track located in Dade County, Florida, near the City of Coral Gables, over a route which is entirely within the corporation of Hialeah, Miami and Coral Gables, except a small portion which is in immediately adjacent suburban territory.

Hialeah is adjacent to Miami and Miami is adjacent to

both Hialeah and Coral Gables. It is shown that each of the above mentioned municipalities by their respective legislative bodies regulate the business of carriage by truck for hire within their respective jurisdictions.

The bill of complaint shows that the principal place of business of the complainant is in Hialeah, Florida.

The order dismissing the bill of complaint was dated the 18th day of March, 1937.

It is not necessary for us to construe the meaning of Section 30, Chapter 14764, as it existed at that time because that section was amended by Chapter 18028, Acts of 1937, and Chapter 18029, Acts of 1937. The amendment to Section 30 of Chapter 14764 by Chapter 18028, *supra*, contained the following:

"Nothing in this Article contained shall be construed or applied to exempt from commission jurisdiction and control, persons, firms or corporations operating motor vehicles transporting race-horses and polo ponies for compensation unless both the point of origin and point of destination are within the corporate limits of the same city or town."

The amendment to Section 30 of Chapter 14764 appearing in Chapter 18029, *supra*, contained the following:

"Nothing in this Article contained shall be construed or applied to exempt from commission jurisdiction and control, persons, firms or corporations operating motor vehicles transporting race horses and polo ponies for compensation unless both the point of origin and point of destination are within the corporate limits of the same city or town."

So it appears that a reversal of the order of the Chancellor with directions that he now enter an order in conformity with the statute as it exists would mean that he should enter an order dismissing the bill of complaint, just what he has already done.

820

Other questions presented have been examined and found to be without merit in a case of this sort.

For the reasons stated, the decree will stand affirmed.

So ordered.

W.HITFIELD, TERRELL, BROWN and CHAPMAN, J. J., concur.